**IT IS ORDERED**

**Date Entered on Docket: February 5, 2020**

_Robert H. Jacobvitz_
_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

IN RE:

      Esther M. Jaramillo,                        Case No. 19-12528-ja7

           Debtor.

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 603 Park Street, Socorro, NM 87801

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on January 3, 2020, Docket No. 17 (the "Motion"), by Lakeview Loan Servicing, LLC ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)      On January 3, 2020, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor, Esther M. Jaramillo, and the case trustee, Yvette J. Gonzales, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and

NM LBR 9036-1, and on the Debtor and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

(b)     The Motion relates to the following property legally described as:

A tract of land situate in the SE¼ of Section 21 of the Socorro Grant, Socorro, New Mexico, being a portion of that certain tract of land deeded to Alice J. Duquet, Michel Harriet, Jr., Grace H. Bruton and Marianne H. Porter by the estate of Frances Harriet on January 26, 1990, as recorded in the Socorro County Clerk's Office in volume 424, on pages 1475-1476, being a portion of City Survey 260-Tr. 1, bounded on the east by the west line of Park Street, bounded on the south by land now or formerly standing in the name of Alice J. Duquet, bounded on the west by land now or formerly standing in the names of Alice J. Duquet, Michel Harriet, Jr., Grace H. Bruton and Marianne H. Porter, bounded on the north by land now or formerly standing in the names of John P. and Julie P. Lagoyda, and more particularly described as follows, to-wit;

beginning at corner 1, the NE corner, an "x" found scribed in the concrete walk, marking the SE corner of the aforementioned Lagoyda property, a point on the west line of Park Street; whence the SE corner of City Survey 260-Tr. 1 bears S 3° 47' 30" E, a distance of 284.9 feet; also whence the section corner common to Sections 15, 16, 21 and 22 of the Socorro Grant bears N 0° 05' W, a distance of 3231.1 feet;

thence, S 3° 47' 30" E, a distance of 125.5 feet along the west line of Park Street to corner 2, the SE corner, an "x" scribed in concrete (NE corner of the aforementioned Duquet property);

thence, S 86° 02' 30" W, a distance of 120.65 feet to corner 3, the SW corner, a set ½ inch rebar;

thence, N 3° 56' 15" W, a distance of 142.75 feet to corner 4, the NW corner, a set ½ inch rebar on the south boundary line of the aforementioned Lagoyda property;

thence, N 86° 30' 30" E, a distance of 80.26 feet along the south boundary line of the aforementioned Lagoyda property to corner 5, a previously set ½ inch rebar;

thence, S 3° 47' 30" E, a distance of 16.43 feet to corner 6, a found "x" scribed in the top of a masonry wall;

thence, N 86° 16' 30" E, a distance of 40.75 feet along the centerline of a masonry wall (south boundary line of the aforementioned Lagoyda property) to corner 1, the place of beginning.

and commonly known as:  603 Park Street, Socorro, NM 87801;

(c)     The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on January 28, 2020;

(f)     As of January 30, 2020, no objections to the Motion have been filed;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on January 30, 2020, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1.     Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a)     To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.     The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

3.     The automatic stay is not modified to permit any act to collect any

deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment if Debtor is granted a discharge, or to foreclose the Property in accordance with applicable non-bankruptcy law. Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtor personally, to collect amounts due, if Debtor's discharge is denied or if Debtor's bankruptcy is dismissed.

4. This Order shall continue in full force and effect if this case converted to a case under another chapter of the Bankruptcy Code.

5. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**


**/s/  Stephanie L. Schaeffer**
**McCarthy & Holthus, LLP**
**Stephanie L. Schaeffer, Esq.**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 1/31/2020**
**sschaeffer@mccarthyholthus.com**

COPIES TO:

**DEBTOR**
Esther M. Jaramillo
603 Park Street
Socorro, NM 87801

**DEBTOR(S) COUNSEL**
Wayne OBrien McCook
waynemccook@mccooklawfirm.com

**CASE TRUSTEE**
Yvette J. Gonzales
yjgllc@yahoo.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608

**SPECIAL NOTICE(S)**
James E. Shively
Ball, Santin & McLeran, PLC
2999 N. 44th Street, Suite 500
Phoenix, AZ 85018